**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4148**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LEWELLYN TERRELL VAUGHT, a/k/a Gee Bee,

              Defendant - Appellant.

———————————

**No. 12-4149**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DESMON TERRILL BARNHILL, a/k/a T.B., a/k/a Terry,

              Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever, III, Chief District Judge. (7:10-cr-00075-D-2; 7:10-cr-00075-D-1)

———————————

Submitted:  December 21, 2012        Decided:  January 7, 2013

———————————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

W. H. Paramore, III, THE LAW OFFICES OF W. H. PARAMORE, III, Jacksonville, North Carolina; Mark R. Sigmon, GRAEBE HANNA & WELBORN, PLLC, Raleigh, North Carolina, for Appellants. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury returned a multi-count indictment against Lewellyn Terrell Vaught and Desmon Terrill Barnhill. Vaught pled guilty without a plea agreement to aiding and abetting the distribution of cocaine, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012) (count four), and distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (count five). Barnhill pled guilty without a plea agreement to two counts of distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (counts six and eight). The Government later filed a one-count criminal information charging Barnhill with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006) and a two-count criminal information charging Vaught with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (count one), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) (count two). Both defendants pled guilty as charged in the informations, pursuant to written plea agreements.

The district court calculated Vaught's Guidelines ranges on counts one, four, and five at 168 to 210 months' imprisonment and Guidelines sentence on count two at 120 months'

3

imprisonment and sentenced Vaught to three concurrent terms of 168 months' imprisonment on counts one, four, and five and a concurrent term of 120 months' imprisonment on count two. The district court calculated Barnhill's Guidelines range on all three counts to which he pled guilty at 168 to 210 months' imprisonment and sentenced him to three concurrent terms of 180 months' imprisonment.

On appeal, counsel have filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Counsel for Vaught questions, however, whether the district court erred in adopting the presentence report's calculation of the amount of cocaine base for which Vaught was responsible. Counsel for Barnhill questions whether Barnhill's guilty pleas were knowingly and voluntarily made, whether trial counsel rendered ineffective assistance, and whether Barnhill's sentence is procedurally and substantively reasonable. The Government moves to dismiss the appeals of defendants' sentences based on their waivers of appellate rights. Both defendants were informed of their rights to file pro se supplemental briefs, and Vaught has filed a pro se brief raising several challenges, including challenges to his sentences. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter,

492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Vaught knowingly and voluntarily waived the right to appeal his 168-month sentence on count one and his 120-month sentence on count two. We further conclude that Barnhill knowingly and voluntarily waived his right to appeal his 180-month sentence imposed with respect to the conspiracy count in the criminal information. We therefore grant the Government's motion to dismiss in part and dismiss the appeals of those sentences.

Although Vaught's and Barnhill's appeal waivers insulate those sentences from appellate review, the waivers do not prohibit our review of the non-sentencing claims raised by Barnhill's counsel and Vaught, the sentencing claims raised by counsel in the Anders brief and Vaught in his pro se supplemental brief to the extent they pertain to the sentences imposed on counts four, five, six, and eight of the indictment,

5

and the remainder of record pursuant to Anders. Accordingly, we deny the Government's motion to dismiss the appeals in part.

Barnhill's counsel questions whether the district court reversibly erred in accepting his guilty pleas.[*] Because Barnhill did not move in the district court to withdraw his guilty pleas, the adequacy of the Fed. R. Crim. P. 11 hearings is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcripts of the guilty plea hearings leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Barnhill's guilty pleas and that the court's omissions did not

---

[*] The Government moves to dismiss Barnhill's challenge to the acceptance of his guilty pleas. This constitutes, in effect, a motion for summary affirmance of the unwaived claim. This court reserves such a motion for extraordinary circumstances not present here. 4th Cir. R. 27(f).

affect Barnhill's substantial rights. Critically, the transcripts reveal that the district ensured the pleas were supported by independent bases in fact and that Barnhill entered the pleas knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Barnhill's guilty pleas.

Next, Barnhill's counsel and Vaught question whether trial counsel rendered ineffective assistance prior to sentencing. After review of the record, we find these claims inappropriate for resolution on direct appeal. Because ineffectiveness of counsel is not conclusively established by the record, Barnhill and Vaught must assert such claims, if at all, in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Turning to the district court's imposition of sentence on counts four, five, six, and eight, we review these sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the

7

defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After review of the record, we conclude that Vaught and Barnhill both fail to establish any clear error in the district court's calculations of the drug quantities attributable to them. See United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009) (stating the standard of review); United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999) (explaining that a defendant bears the burden of establishing that information in the presentence report the district court relied on in calculating the relevant drug

8

quantity is incorrect); see also United States v. Powell, 650 F.3d 388, 392 (4th Cir.) (holding that a sentencing court may consider relevant information before it, including uncorroborated hearsay, "provided that the information has sufficient indicia of reliability to support its accuracy" (internal quotation marks omitted)), cert. denied, 132 S. Ct. 350 (2011).

The district court also otherwise correctly calculated the defendants' Guidelines ranges, heard argument from counsel, gave Barnhill the opportunity to allocute, and heard allocution from Vaught. The court also considered the § 3553(a) factors with respect to each defendant and provided an adequate explanation of its individualized assessment of those factors in determining the defendants' sentences. Defendants do not offer, and our review pursuant to Anders does not reveal, any grounds to rebut the presumption on appeal that their within-Guidelines sentences are substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Vaught and Barnhill on those counts.

Finally, in accordance with Anders, we have reviewed the remainder of the record and have found no meritorious issues for review. Accordingly, we affirm the defendants' convictions on all counts and their sentences on counts four, five, six, and eight, and dismiss the appeals of their sentences on counts one,

two, and the conspiracy count in the information filed against Barnhill.  We also deny as moot Vaught's motion to accelerate case processing.

This court requires that counsel inform Vaught and Barnhill, in writing, of their rights to petition the Supreme Court of the United States for further review.  If Vaught or Barnhill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vaught or Barnhill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>

10